## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

BALMORAL RACING CLUB, INC.,           )
MAYWOOD PARK TROTTING CLUB            )
ASSOCIATION, INC., and THE            )
ILLINOIS HARNESS HORSEMEN'S           )
ASSOCIATION, INC.,                    )
                                      )
          Plaintiffs,                 )
                                      )
          v.                          )     No. 11 C 1028
                                      )
CHURCHILL DOWNS, INC., CHURCHILL      )
DOWNS TECH. INITIATIVES CO. d/b/a     )
TWINSPIRES.COM and YOUBET.COM, LLC,)
                                      )
          Defendants.                 )

### MEMORANDUM OPINION

Before the court are: (1) defendants' motion to dismiss certain counts of plaintiffs' complaint; and (2) plaintiffs' motion to dismiss defendant Youbet.com, LLC's ("Youbet") counterclaim. For the reasons explained below, we grant the defendants' motion and deny the plaintiffs' motion.

### BACKGROUND

We will assume that the reader is familiar with our opinion denying plaintiffs' motion for a preliminary injunction, which discussed the background of the parties' dispute. Balmoral Racing Club, Inc. v. Churchill Downs, Inc., No. 11 C 1028, 2011 WL 3020776, *1-3 (N.D. Ill. July 21, 2011). For purposes of the motions before the court, we need only add that the Illinois

Harness Horsemen's Association, Inc. (the "IHHA") alleges that it is a third-party beneficiary of the Co-Branding Agreement (the "CBA") between Youbet's predecessor and plaintiffs Balmoral Racing Club, Inc. ("Balmoral") and Maywood Park Trotting Association, Inc. ("Maywood").[1] (See Compl. ¶¶ 16, 43.)

## DISCUSSION

## A. Defendants' Motion to Dismiss

### (1) Legal Standard

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 556 (2007)). When evaluating a motion to dismiss a complaint, the court must accept as true all factual allegations in the complaint. Iqbal, 129 S. Ct. at 1949. However, we need not accept as true its legal conclusions;

---

[1]/ The IHHA is "an [a]ssociation comprised of owners, breeders, trainers and drivers of standardbred horses which promotes the wellfare of harness racing in Illinois." (Compl. ¶ 9.)

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Defendants' motion asks us to dismiss Count III (tortious interference) of plaintiffs' complaint as to all plaintiffs, and Counts I (breach of contract) and II (trade secret misappropriation) insofar as they are brought by the IHHA. (Defs.' Mem. at 5, 7.) In response to the motion, plaintiffs have withdrawn Count III in its entirety, and clarified that the IHHA does not seek relief in Count II. (Pls.' Resp. at 1-2.) Therefore, the only remaining issue is whether the IHHA has stated a claim for relief in Count I, alleging that the defendants breached the CBA.

### (2) The IHHA Is Not a Third Party Beneficiary of the CBA

Because the IHHA is not a party to the CBA, it can only pursue a breach-of-contract claim against the defendants if the contracting parties intended to directly benefit it. See Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp., 577 N.E.2d 1344, 1352 (Ill. App. Ct. 1991) ("A third party acquires no rights under a contract entered into by others unless the provision at issue was intentionally included for the direct benefit of the third party."); see also Alaniz v. Schal Associates, 529 N.E.2d 832, 834 (Ill. App. Ct. 1988) (an incidental benefit is insufficient to confer third-party beneficiary status). We look to the contract

itself, as well as the circumstances surrounding its execution, to ascertain the parties' intent. See Advanced Concepts Chicago, Inc. v. CDW Corp., 938 N.E.2d 577, 581 (Ill. App. Ct. 2010). The fact that the CBA does not refer to the IHHA by name is not dispositive, but the "intent to benefit [the IHHA] 'must affirmatively appear from the language of the instrument when properly interpreted and construed.'" Weil, Freiburg & Thomas, 577 N.E.2d at 1352 (quoting Carson Pirie Scott & Co. v. Parrett, 178 N.E. 498, 501 (Ill. 1931)); see also Advanced Concepts, 938 N.E.2d at 583-84 ("Even when the party that is to receive the benefit is not named in the contract, it is sufficient that a class of potential third-party beneficiaries be adequately defined.").

Defendants argue that the CBA expressly precludes third-party claims like the one the IHHA is asserting in this lawsuit:

### 11.3 No Third Party Beneficiaries

Unless otherwise expressly provided, no provisions of this Agreement are intended or shall be construed to confer upon or give to any person or entity other than Company and Associates any rights, remedies or other benefits under or by reason of this Agreement. For clarification, no third party, including, but not limited to, any Illinois horseman's group, shall have any remedies under or by reason of this Agreement, or any rights to enforce any provisions of this Agreement.

(CBA, attached as Ex. A to Pls.' Compl., § 11.3.) Plaintiffs insist that the exclusionary language in § 11.3 is either inapplicable or ambiguous. Pursuant to another provision of the CBA, the "Associates" (racetrack operators including Balmoral and

Maywood) are "solely responsible for compensating and remitting all necessary revenues to their respective horsemen." (Second Am. to CBA, dated August 2008, § 6.1.)[2] According to plaintiffs, this language gives the IHHA third-party beneficiary status and is controlling because: (1) it "expressly" creates third-party rights as contemplated by § 11.3's first sentence; or else (2) it is irreconcilable with § 11.3 and the contract should be construed against the defendants as the successors to the purported drafter. (Pls.' Resp. at 5-6.) This argument is strained. The fact that the contracting parties knew that a portion of the fees would be shared with "horsemen" does not necessarily mean that they intended to directly benefit third parties like the IHHA. See <u>Barney v. Unity Paving, Inc.</u>, 639 N.E.2d 592, 596 (Ill. App. Ct. 1994) ("The fact that the contracting parties may 'know, expect, or even intend that others will benefit' from their agreement is not enough to overcome the presumption that the contract was intended solely for the direct benefit of the parties.") (quoting <u>Waterford Condominium Ass'n v. Dunbar Corp.</u>, 432 N.E.2d 1009, 1011 (Ill. App. Ct. 1982)). But even if § 6.1 was sufficient to overcome the "strong

_____

[2] As originally drafted, § 6.1 required Youbet to pay a portion of the fees "to each of Associates' respective horsemen's purse accounts." (CBA § 6.1.) It is not clear from the contract who controlled the "purse accounts," the Associates or the "horsemen." Plaintiffs indicate that this provision provided for direct payment to entities like the IHHA. (Pls.' Resp. at 3.) Regardless, this version of § 6.1 was superceded long before the events giving rise to this lawsuit. Indeed, as we understand the chronology, the parties amended § 6.1 before they even began to perform under the contract. (<u>See, e.g.</u>, Stip. Stmt. of Facts, DKT # 40, ¶ 42 (indicating that performance began in October 2008, several months after the parties amended § 6.1).)

presumption" against allowing third parties to sue for breach of contract, id., contracts must be construed as a whole.  Section 11.3 explicitly forecloses the IHHA's breach-of-contract claim: "no third party, including, but not limited to, any Illinois horseman's group, shall have any remedies under or by reason of this Agreement, or any rights to enforce any provisions of this Agreement."  The fact that another provision of the contract could be construed to confer a benefit on a third-party does not make § 11.3 ambiguous.  The parties clearly included § 11.3 to avoid any ambiguity on this question.  Count I is dismissed as to the IHHA.

**B.   Plaintiffs' Motion to Dismiss Defendants' Counterclaim**

Plaintiffs argue that we should dismiss Youbet's counterclaim as redundant because we will necessarily adjudicate the issues it raises when we rule on plaintiffs' claims.  See, e.g., Penn Mutual Life Insur. Co. v. GreatBanc Trust Co., No. 09 C 6129, 2010 WL 2928054, *5 (N.D. Ill. July 21, 2010) ("Courts in this circuit have routinely dismissed counterclaims that merely restate the declaration sought by the plaintiff from the opposite perspective on the grounds that such pleadings are duplicative and merely complicate the pleadings.") (citing cases); but see Employer Ins. of Wausau v. Pacer Intern., Inc., No. 04 C 4563, 2005 WL 61481, *3 (N.D. Ill. Jan. 11, 2005) ("It is common practice for an alleged insured to file counterclaims demanding a declaration that the insurer was obligated to make payments to or to defend the insured;

these cases frequently assert breach of contract counterclaims
based on the insurance policy, as well.").[3]  Youbet points out
that, unlike the plaintiff in <u>Penn Mutual</u>, the plaintiffs in this
case are not seeking a declaratory judgment. (Defs.' Resp. at 4.)
We do not see why the principle discussed in that case should be
limited to mirror-image claims for declaratory judgment, but the
redundancy of such claims is easier to see on the face of the
pleadings.  At this stage of the case, it seems likely that any
ruling on Count I of plaintiffs' complaint will resolve (at least
implicitly) whether Youbet was entitled to terminate the agreement
and discontinue payments to the plaintiffs.  (<u>See</u> Counterclaim at
Count I (requesting a declaration that Youbet properly terminated
for cause) and Count II (requesting a declaration that, because it
terminated for cause, Youbet is "not required to pay any Fees
Associates may have been obligated to remit to the IHHA if the
Agreement had remained in effect").)  But we will have a much
better handle on the issue closer to trial.  <u>See, e.g.</u>, <u>U.S. Bank
Nat. Ass'n v. Alliant Energy Resources, Inc.</u>, No. 09-cv-078-bbc,
2009 WL 1850813, *3 (W.D. Wis. June 26, 2009) (acknowledging that

---

[3] Youbet, citing <u>Wausau</u>, argues that its counterclaim should not be
dismissed because it is compulsory under Fed. R. Civ. P. 13(a).  But in most if
not all cases where the principle discussed in <u>Penn Mutual</u> applies the
counterclaim will be compulsory — <u>i.e.</u>, it will have arisen out of the same
transaction giving rise to the plaintiff's claim.  If the claim is truly
redundant, then the issues its raises are already in controversy and it is
unnecessary to raise them again in a counterclaim to avoid preclusion.  <u>See
Tenneco Inc. v. Saxony Bar & Tube, Inc.</u>, 776 F.2d 1375, 1379 (7th Cir. 1985)
("When the original complaint puts in play all of the factual and legal theories,
it makes no difference whether another party calls its pleadings counterclaims,
affirmative defenses, or anything else.").

defendants' counterclaim appeared to be the "inverse" of the plaintiff's breach-of-contract claim, but denying the plaintiff's motion to strike as premature); see also 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1406 (3d Ed.) ("[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action."). Moreover, plaintiffs will not suffer any prejudice if the counterclaim remains pending. See Alliant Energy, 2009 WL 1850813, *3 ("If, as plaintiff argues, the counterclaims are truly repetitious, then plaintiff will not have to expend much time on any additional discovery or briefing."); see also VW Credit, Inc. v. Friedman and Wexler, LLC, No. 09 C 2832, 2010 WL 2330364, *2 (N.D. Ill. June 7, 2010) ("In any event, even if the counterclaim turns out to be an exact mirror image of VW Credit's claim, which seems doubtful, the fact that the counterclaim remained pending . . . would not prejudice VW Credit in the slightest."). Plaintiffs' motion to dismiss Youbet's counterclaim is denied.

## CONCLUSION

Defendants' motion to dismiss (16) is granted. Plaintiffs' motion to dismiss Youbet's counterclaim (27) is denied. Plaintiffs shall answer Youbet's counterclaim by December 16, 2011.

DATE:     November 29, 2011

ENTER:    _____

John F. Grady, United States District Judge